## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Deborah Johnson,

                              Plaintiff,

                                        Civ. No. 10-4676 (RHK/AJB)
                                        **ORDER**

v.

Michael J. Astrue,

                              Defendant.

This matter is before the Court on Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (Doc. No. 27).  No response to the Motion has been filed.  For the reasons that follow, the Motion will be granted.

This is an action under 42 U.S.C. § 405 challenging the denial of social-security disability income benefits to Plaintiff.  The parties cross-moved for summary judgment based on the administrative record, and on December 24, 2011, Chief United States Magistrate Judge Arthur J. Boylan recommended that Plaintiff's Motion be granted in part and denied in part, the Government's Motion be denied, and this matter be remanded for further administrative proceedings under sentence four of Section 405(g).  (Doc. No. 18.)[1]  The Government then filed Objections; on February 1, 2012, the Court overruled

---

[1] Sentence four provides that the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

those objections and adopted the Magistrate Judge's recommendation in its entirety.  (See Doc. No. 25.)

Plaintiff now moves for an award of $6,795 in attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA").  The EAJA provides, in pertinent part, that a court shall award to "a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought . . . against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  "[T]o qualify as a 'prevailing party,' a plaintiff must obtain 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'"  John T. ex rel. Robert T. v. Ia. Dep't of Educ., 258 F.3d 860, 863-64 (8th Cir. 2001) (quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)).  The Supreme Court has recognized that a social-security plaintiff who obtains a "sentence-four" remand, as here, is a prevailing party under the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

The only remaining hurdle to an award of fees and costs, therefore, is whether the position of the Government was "substantially justified."  The burden of proof on that question rests with the Government.  E.g., Scarborough v. Principi, 541 U.S. 401, 414-16 (2004) ("The burden of establishing 'that the position of the United States was substantially justified' . . . must be shouldered by the Government.").  Yet, the

Government has offered no substantial justification here, or any justification at all; indeed, it has not responded to the Motion.  Moreover, the Court agrees with Plaintiff's argument (and as suggested by Magistrate Judge Boylan's Report and Recommendation) that the underlying ALJ decision was not substantially justified.[2]  Accordingly, the Court concludes that Plaintiff is entitled to an award under the EAJA.

This leaves only the question of the amount to be awarded.  The EAJA permits recovery of "fees and other expenses" incurred in the litigation, including "reasonable attorney fees."  28 U.S.C. § 2412(d)(1)-(2).  However, "[t]he amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  Id. § 2412(d)(2)(A).

Here, Plaintiff seeks an hourly rate of $170 for her counsel, to account for cost-of-living increases since the EAJA set the $125 hourly rate in 1996.  Judges of this Court recently have approved rates in social-security cases in excess of $170 per hour, see, e.g., Meyer v. Astrue, Civ. No. 09-3205, 2011 WL 4036398, at *3 (D. Minn. Aug. 25, 2011)

---

[2] The "position" referred to by the EAJA includes the underlying agency action that led to litigation.  28 U.S.C. § 2412(d)(2)(D).  In other words, the ALJ's decision denying Plaintiff benefits – rather than the Government's defense of that decision in this litigation – may provide the basis for a fee award.  E.g., Trundle v. Bowen, 830 F.2d 807, 809-10 (8th Cir. 1987) (*per curiam*).

(Report & Recommendation of Brisbois, M.J.), adopted, 2011 WL 4043792 (D. Minn.

Sept. 12, 2011) (Davis, C.J.); Rodgers v. Astrue, Civ. No. 09-1214, 2011 WL 721528, at

*4 (D. Minn. Feb. 3, 2011) (Report & Recommendation of Rau, M.J.), adopted, 2011 WL

721245 (D. Minn. Feb. 22, 2011) (Frank, J.), and the Court finds that the requested $170

hourly rate is reasonable and appropriate.  Furthermore, the Court concludes that all 37.5

hours expended by Plaintiff's counsel in this case are compensable.  Counsel has

submitted an affidavit detailing his work on this case and contemporaneous time records

documenting the 37.5 hours expended.  The Court has reviewed these submissions and

finds the hours expended were reasonable and appropriate under the facts of this case.

The Court also finds appropriate an award of $420 in costs sought by Plaintiff

(comprising $70 for service of process and $350 for the filing fee).

Accordingly, the Court finds that Plaintiff is entitled to recover $6,375 in

attorney's fees (37.5 hours at $170 per hour), plus costs in the amount of $420, for a total

award of $6,795.  Based on the foregoing, and all the files, records, and proceedings

herein, **IT IS ORDERED** that Plaintiff's Motion for Attorney Fees Under the Equal

Access to Justice Act (Doc. No. 27) is **GRANTED**, and Plaintiff is entitled to judgment

in the amount of $6,795 in attorney's fees and costs.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 7, 2012                                   s/Richard H. Kyle
                                                     RICHARD H. KYLE
                                                     United States District Judge